J. S59037/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
BOBBY L. CARLSON, :
:
Appellant : No. 585 WDA 2015

Appeal from the Order February 9, 2015
In the Court of Common Pleas of Elk County
Criminal Division No(s).: CP-24-CR-0000008-2009

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED OCTOBER 15, 2015**

Appellant, Bobby L. Carlson, appeals from the order of the Elk County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant contends his 2009 sentence for rape of a child[2] is illegal under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), and ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) (*en banc*).[3] We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3121(c); ***see also*** 42 Pa.C.S. § 9718 ("Sentences for offenses against infant persons").

[3] In addition to ***Alleyne*** and ***Newman***, the mandatory minimum sentence in Section 9718(a)(1) has been held unconstitutional in ***Commonwealth v.***

The following procedural history is relevant to this appeal. On July 29, 2009, Appellant pleaded guilty to one count of rape of a child. At the time of Appellant's plea, the Commonwealth advised him of the potential mandatory minimum sentence of ten years under 42 Pa.C.S. § 9718(a)(3).[4] N.T., 7/29/09, at 3. At the sentencing hearing on December 28, 2009, the Commonwealth requested the ten-year mandatory minimum sentence. N.T., 12/28/09, at 3. The trial court sentenced Appellant to ten to twenty years' imprisonment. He did not take a direct appeal.

On June 23, 2010, the court received Appellant's timely first *pro se* PCRA petition[5] and appointed counsel. On December 14, 2010, appointed counsel filed a petition to withdraw and a no-merit letter. ***See***

---

***Wolfe***, 106 A.3d 800 (Pa. Super. 2014). The Pennsylvania Supreme Court granted allowance of appeal in ***Wolfe*** to consider "[w]hether the Superior Court of Pennsylvania's *sua sponte* determination that the ten year mandatory minimum sentence for involuntary deviate sexual intercourse (Person less than 16 years) imposed pursuant to 42 Pa.C.S.A. § 9718(a)(1) is facially unconstitutional is erroneous as a matter of law?" ***Commonwealth v. Wolfe***, 63 MAL 2015 (Pa. Aug. 12, 2015).

[4] Although the Commonwealth referred to the mandatory minimum sentence in 42 Pa.C.S. § 9718(a)(1), ***see*** N.T., 7/29/09, at 3, the provision applicable to a conviction under 18 Pa.C.S. § 3121(c) for rape of a child was set forth in 42 Pa.C.S. § 9718(a)(3). ***See*** 42 Pa.C.S. § 9718(a)(3) ("A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows . . . 18 Pa.C.S. § 3121(c) and (d)—not less than ten years.").

[5] Appellant, in his first PCRA petition, claimed plea counsel coerced him into pleading guilty and failed to investigate possible defenses. We note that the record does not contain the stamped envelopes related to Appellant's first petition or any of Appellant's later *pro se* filings.

*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Subsequently, the PCRA court (1) granted appointed counsel leave to withdraw on December 17, 2010, (2) issued a Pa.R.Crim.P. 907 notice of intent to deny relief without a hearing on January 4, 2011, and (3) denied Appellant's first PCRA petition on February 10, 2011.  Appellant did not take an appeal.

Nearly forty-six months later, on December 1, 2014, the PCRA court received Appellant's *pro se* "Motion to Vacate Illegal Sentence," which gives rise to this appeal.  Appellant sought relief based on the United States Supreme Court's decision in *Alleyne*.[6]  The court regarded the motion as a second PCRA petition and on January 8, 2015, issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely.  Appellant filed a *pro se* response citing, *inter alia*, this Court's *en banc* decision in *Newman*.[7]  The court dismissed Appellant's petition on February 9, 2015.

On March 25, 2015, the PCRA court filed and docketed Appellant's *pro se* notice of appeal.  However, the notice of appeal bore a handwritten date of March 8, 2015, as did Appellant's certificate of service and verification.

---

[6] We note *Alleyne* was decided on June 17, 2013, more than seventeen months before the PCRA court received the instant petition.

[7] *Newman* was decided on August 20, 2014, more than three months before the PCRA court received the petition.

The court, on March 27, 2015, authored a Pa.R.A.P. 1925(a) opinion[8] indicating that Appellant's notice of appeal was facially untimely, but the "prisoner [mailbox] rule may be implicated." PCRA Ct. Op., 3/27/15. The court did not resolve the uncertainty surrounding the timeliness of Appellant's appeal, but suggested the appeal be dismissed or its ruling be affirmed based on its previous order dismissing the petition. *Id.*

Appellant, in his *pro se* brief, presents the following question for our review: "Did the [PCRA] court err in dismissing [Appellant's] PCRA [petition by] not recognizing the § 9545 exception of 'after recognized constitutional rights' and 'a[n] illegal sentence can[not] be waived[?']" Appellant's Brief at 3. He notes the legal resources at the State Correctional Institution at Mercer are limited and argues he exercised reasonable diligence when filing his second PCRA petition based on *Alleyne* and *Newman*. *Id.* at 6. He further suggests a challenge to an illegal sentence cannot be waived. *Id.* at 7. No relief is due.

Preliminarily, we address the PCRA court's suggestion that Appellant's notice of appeal was not filed within thirty days. *See* Pa.R.A.P. 903(a). *Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa. Super. 2001) (noting "questions of jurisdiction may be raised sua sponte"). It is well settled the "prisoner mailbox rule provides that a *pro se* prisoner's document

---

[8] The PCRA court did not require Appellant to file a Pa.R.A.P. 1925(b) statement.

is deemed filed on the date he delivers it to prison authorities for mailing."
*Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted).

In this case, the time to file an appeal from the PCRA court's February 9, 2015 order ended on March 11, 2015. *See* Pa.R.A.P. 903(a). Appellant signed and dated his notice of appeal and a certificate of service on Sunday, March 8, 2015, three days before that deadline. We acknowledge there is uncertainty surrounding Appellant's certification that he deposited his notice of appeal with prison officials on March 8th and that Appellant bore the burden to proving the timeliness of his appeal. *See Chambers*, 35 A.3d at 40. However, we adopt March 8th as the date of filing and conclude the present appeal is timely.[9] *See Chambers*, 35 A.3d at 40. Accordingly, we decline to quash this appeal and consider Appellant's arguments in this appeal.

When analyzing the dismissal of a PCRA petition, "an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009).

---

[9] Although we could remand for the PCRA court to determine the filing date of this appeal, such a procedure would not be an efficient use of judicial resources. *See Chambers*, 35 A.3d at 40.

The timeliness of a PCRA petition is a threshold question that implicates the jurisdiction of a court to consider the merits of the relief requested. **See Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa. Super. 2014); **Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super.) (citations omitted) *appeal denied*, 101 A.3d 103 (Pa. 2014). Although a legality of sentence claim cannot be "waived," the claim must be presented in a **timely** PCRA petition to obtain post-conviction collateral relief. **See Seskey**, 86 A.3d at 241. "[A] legality [of sentence] claim may . . . be lost should it be raised for the first time in an **untimely** PCRA petition for which no time-bar exception applies, thus depriving the [PCRA] court of jurisdiction over the claim." **Id.** (citations omitted).

"[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S. § 9545] are met." **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014). Section 9545, in relevant part, provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> *   *   *
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 6 -

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)(iii)-(2). "[A] constitutional right newly recognized by the Supreme Court of the United States is made retroactive to cases on collateral review only if that court specifically holds it to be retroactively applicable to cases on collateral review." *Commonwealth v. Phillips*, 31 A.3d 317, 320-21 (Pa. Super. 2011).

In *Alleyne*, the United States Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155 (citations omitted). However, "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).

It is undisputed that Appellant's second PCRA petition, filed almost four years after his sentence became final, was untimely on its face. Following our review of the relevant law, we agree with the PCRA court that Appellant failed to establish a timeliness exception based on the rights recognized in *Alleyne* and the Pennsylvania cases applying *Alleyne*. *See* PCRA Ct. Order, 2/9/15, at 2-3. As noted above, neither the United States Supreme Court nor the Pennsylvania Supreme Court has specifically held

J.S59037/15

those rights apply retroactively to cases on collateral review.[10]  **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Miller**, 102 A.3d at 995.  Thus, the PCRA court correctly determined it lacked jurisdiction to consider the claims raised in Appellant's untimely second PCRA petition.[11]  **See Miller**, 102 A.3d at 995; **Seskey**, 86 A.3d at 241.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/15/2015

---

[10] Similarly, our decision in **Wolfe** provides no basis to assert a timeliness exception to the PCRA under Section 9545(b)(1)(iii).  Moreover, we note that **Wolfe** did not consider the sentencing provisions in 42 Pa.C.S. § 9718(a)(3).

[11] In light of our decision, we need not consider whether Appellant filed the underlying petition "within 60 days of the date the claim could have been presented" as required by 42 Pa.C.S. § 9545(b)(2).

- 8 -